USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___7/9/2021___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

PETER RODRIGUEZ,

                            Plaintiff,

          -against -

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTION ASSISTANT
DEPUTY WARDEN JEAN LOUS, and NEW YORK CITY
DEPARTMENT OF CORRECTION OFFICER DWAYNE
BRADSHAW,

                          Defendants.

**STIPULATION OF
CONFIDENTIALITY
AND PROTECTIVE
ORDER**

20 Civ. 11045 (GBD) (SDA)

-------------------------------------------------------------------x

    **WHEREAS**, the parties intend to produce certain documents pursuant to Rule 26 of the

Federal Rules of Civil Procedure that they deem to be confidential or otherwise inappropriate for

public disclosure; and

    **WHEREAS**, the parties seek to ensure that the confidentiality of these documents and

information remains protected; and

    **WHEREAS**, good cause exists for the entry of an order pursuant to Rule 26(c) of the

Federal Rules of Civil Procedure;

    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and

between the Plaintiff *Pro Se* and Defendants, as follows:

    1.    As used herein, "Action" shall mean the pending action between plaintiff and

defendants captioned *Peter Rodriguez v. City of New York, et al.*, 20 Civ. 11045 (GBD) (SDA).

    2.    As used herein, "Confidential Materials" shall mean (a) New York City Department

of Correction ("DOC") personnel and disciplinary-related records, and records of investigations

regarding the conduct of Members of Service of the DOC conducted by the DOC, the Department

of Investigation, or other agencies, (b) Plaintiff's medical records, and (c) other documents and information that may, in good faith, during the pendency of this litigation, be designated "Confidential Material" by the parties or the Court, except that such documents and information shall not be deemed "Confidential Materials" to the extent they relate to the incident(s) underlying the Complaint in the action, are obtained by the parties by subpoena or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available.

3.      As used herein, "Producing Party" shall mean the party requesting that a particular document or the information contained therein be deemed confidential, and "Receiving Party" shall mean any party who is not the "Producing Party," as defined herein for that document or information.

4.      A Receiving Party shall not use Confidential Materials produced in discovery in the Action for any purpose other than the evaluation, preparation, presentation, or settlement of claims or defenses in the Action.

5.      A Receiving Party shall not disclose the Confidential Materials to any person other than a party, an attorney of record for that party, or any member of the staff of that attorney's office, except under the following conditions:

        a.      Disclosure may be made for the purpose of preparing or presenting a party's claims or defenses in the Action.

        b.      Disclosure may also be made to an expert or consultant who has been retained or specially employed by a party's attorneys in anticipation of litigation or preparation for trial of the Action, to a witness at a deposition or in preparation for testimony at a deposition or trial, or to the Court.

        c.      Defendants' attorneys may also disclose the Confidential Materials to the New York City Department of Correction, the New York City Comptroller's Office, and the New York City Mayor's Office, solely in connection with the defense or settlement of this Action.

d.      Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court or to a witness at a deposition), the Receiving Party shall provide each such person with a copy of this Stipulation of Confidentiality and Protective Order, and such person shall consent, in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution, defense or settlement of the Action and not to make further disclosure of the Confidential Materials, except in testimony taken in the action. The Receiving Party making such disclosure shall retain the signed consent and furnish a copy to the Producing Party's attorney upon request at a deposition or immediately before trial, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such a consent before it is produced.

e.      Disclosure of medical records deemed "Confidential" under this Stipulation of Confidentiality and Protective Order may also be made to any individual who provided the treatment described in the records or to a member of the staff of the hospital, doctor's office, or medical provider where the treatment was rendered.

6.      The Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential either by: (a) indicating on the record during the deposition that a question relates to Confidential Materials, in which event the report will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Stipulation of Confidentiality and Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which event all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that party's counsel.

7.      If a Receiving Party objects to the designation of any Confidential Materials as confidential, he or she shall state such objection in writing to counsel for the Producing Party, and counsel shall in good faith attempt to resolve such conflict. If the conflict cannot be resolved

among counsel, the objecting party shall, within 45 days of the initial objection, request the Court to remove the designation. Any such materials or information shall be treated as Confidential until the parties resolve the conflict or the Court issues its ruling regarding the conflict.

8.       Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request. No materials shall be filed under seal unless the Court has issued an order approving the filing, in which event the filing shall follow the District Court rules applicable to filing under seal.

9.       Nothing in this Stipulation of Confidentiality and Protective Order shall be construed to limit a Producing Party's use of its own Confidential Materials in any manner, or to limit the use of Confidential Materials or their contents to the extent that they are publicly available or have been provided to a party through other lawful means, such as a FOIL request.

10.      This Stipulation of Confidentiality and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been deemed confidential pursuant to this Stipulation of Confidentiality and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time. Once the Action has been resolved, including all appeals, the Confidential Materials, including all copies and non-conforming copies thereof, shall not be used by the Receiving Party for any purpose without prior Court approval.

11.      The Court will retain jurisdiction over all persons subject to this Stipulation of Confidentiality and Protective Order to the extent necessary to enforce any obligations arising

hereunder or to impose sanctions for any contempt thereof. Additionally, the Court reserves the right, in its sole discretion, to modify this Stipulation of Confidentiality and Protective Order at any time.

Dated: New York, New York
       July 8, 2021

                                                    **GEORGIA M. PESTANA**
                                                    Acting Corporation Counsel of the
                                                        City of New York
                                                    *Attorney for City, Louis & Bradshaw*

By: _____          By: _____
    Peter Rodriguez                         Damian P. Gallagher
    *Plaintiff* Pro Se                      *Assistant Corporation Counsel*
    B&C No. 3491603090                      Special Federal Litigation Division
    North Infirmary Command (NIC)           100 Church Street
    East Elmhurst, NY 11370                 New York, New York 10007
                                            (929) 930 - 0832
                                            dgallagh@law.nyc.gov


                        SO ORDERED:

                        _____
                        HONORABLE STEWART D. AARON
                        United States Magistrate Judge

                        Dated: July 9, 2021

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order issued in the action entitled *Peter Rodriguez v. City of New York, et al.*, 20 Civ. 11045 (GBD) (SDA), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

7/8/21
Date

Signature

Peter Rodriguez
Print Name

## EXHIBIT A

The undersigned hereby acknowledges that (s)he has read the Stipulation of Confidentiality and Protective Order issued in the action entitled *Peter Rodriguez v. City of New York, et al.*, 20 Civ. 11045 (GBD) (SDA), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than as permitted by the Stipulation of Confidentiality and Protective Order, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____
Date

_____
Signature

_____
Print Name