RECEIVED
SDNY PRO SE OFFICE
2022 NOV 17  AM 9:23

United States District Court
Southern District of New York

| | |
|---|---|
| Peter Rodriguez | PLAINTIFFS OPPOSITION |
| PLAINTIFF, | to Defendants Motion |
| -Against- | for Summary Judgement. |
| City of New York, et al, | 20 cv 11045 |
| Defendants. | (GBD)(SDA) |

Your Honor,

I AM THE PLAINTIFF of the ABOve Referenced MATTER. I AM writing this OPPOSITION to the DEFENDANTS MOTION for Summary Judgement. THE PLAINTIFF Brought this ACTION to the court after DEFENDANTS BRADSHAW, LOUIS and city of New york VIOLATED the PLAINTIFFS fedeRal CONSTITUTIONAL rights guaranteed to every citizen of the UNITED states. ON JANVARY, 17, 2019 THE PLAINTIFF WAS TRANSPORTED from George R. vierno Center which DEFENDANT LOUIS WAS TOUR commander at the time AND WENT to OTIS BANTUM Correction Center BY TRANSPORT Driver DEFENDANT BRADSHAW. Both the facilities MENTIONED

AS WELL AS THE DEFENDANTS MENTIONED ARE UNDER DIRECT MUNICIPAL CONTROL of the CITY of NEW YORK. THE PLAINTIFF was DENIED ENTRY to the O.B.C.C. FACILITY in which MADE DEFENDANT BRADSHAW IRATE AND THEN PLAINTIFF WAS ROUGHLY escorted BACK to the transport BUS AND ASSAULTED ON the bus BY DEFENDANT BRADSHAW. THE PLAINTIFF was then transported BACK to G.R.V.C. AND LEFT ON the bus after being assaulted in the freezing cold of JANUARY ALL NIGHT in the bus yard outside of the FACILITY AND NOT provided any MEDICAL attention BY the order of DEFENDANT LEWIS who was the tour COMMANDER of G.R.V.C at that time.

THE DEFENDANTS state in POINT 1 that the PLAINTIFF DID NOT EXHAUST HIS ADMINISTRATIVE REMEDIES. THIS POINT is MISLEADING and DEFINITELY incorrect. UNFORTUNATELY ~~categories~~ categories NOT SUBJECT to the GRIEVANCE PROCESS include: (1) ASSAULT ALLEGATIONS, (2) SEXUAL ABUSE or HARASSMENT (Prea) (3) HARRASSMENT ALLEGATIONS, (4) STAFF COMPLAINTS (SEE EXHIBIT A-1, A-2) even though the PLAINTIFFS INABILITY to file a GRIEVANCE BECAUSE HE WAS never HOUSED IN A HOUSING UNIT. and WAS

WAS left in intake for over a week
the PLAINtiff called HIS FIANCE and
THE PLAINtiffS FIANCE called "311" AND
filed a grievance for the PLAINtiff
which is Allowed and mentioned in
(EXHIBIT A-2) AND evidence of that call
IS SHOWN in (EXHIBIT A-3). SINCE
THE PLAINtiffS grievance was not subject
to THE GRIEVANCE Process THE PLAINtiff
COULD NOT CONTINUE with the GRIEVANCE
Procedure which is also stated IN the
("DECLARATION OF Gregory Accarino In Support
of DefENDANTS' MOTION for Summary Judgement
#3, EXHIBIT B PAGES 2 and 8) NOT ONLY
DID THE DefENDANTS Provide an EXHIBIT
showing the PLAINtiff COULD NOT CONTINUE
the grievance procedure But the PLAINtiff
WAS never given AN INSTRUCTION ON
How or what to do to CONTINUE the Process
AND After the PLAINtiff filed the GRIEVANCE
A whole INVESTIGATION occurred IN
regards to this claim Brought into this
Court, (See EXHIBIT A-3).

    IN POINT II the DefENDANTS claim that
the Deliberate inDifference claim Does not
rise to the Level of FOURTEENTH AMENDMENT
VIOLATION. THEY are More than WRONG

THE PLAINTIFF SATIFIED the two Prongs to establish HIS DELIBERATE indifference claim WAS More than SUFFICIENT. THE COURT, I BELIEVE WOULD DEfinitely agree that the CONDITIONS the PLAINTIFF was Left IN were seriously enough to establish the "OBjective Prong". After Being ASSAULTED By DEFENDANT BradSHAW BY Being Punched MULTIPLE times IN the HEAD AND Beaten With a PAIR of HANDCUFES and then Left IN A Bus all night without Being Provided Medical I Believe any Jury WOULD FIND SUCH CONDITIONS ARE Deliberately INDifferent and a Deprivation of Due Process. THE PLAINTIFF WAS not Provided Medical care UNTIL the next day More than a ~~the OR~~ 12 HOURS LATER After the excessive force occurred and WAS never reported By DEFENDANT Bradshaw which More than SATIFIES the "SUBjective Prong" Because After USing force ON A INMATE DEFENDANT BradSHAW IS MANDATED By LAW DEPARTMENT Directives and THE NUNEZ Federal MANDATE to report any such use of force and then AN INJURY report MUST Be Generated, No SUCH report

WAS Generated until the next day
When the PLAINTIFF HIMSELF claimed
INJURIES AND requested MEDICAL,
(see EXHIBIT A-4). NOT ONLY DID
DEFENDANT BRADSHAW NOT report
the VICIOUS assault and Use OF
force BUT also LIED ON Governments
Documents stating that "He DID NOT Use any
force ON PLAINTIFF" BUT after a
review and investigation of the
PLAINTIFFS complaint it WAS found
the DEFENDANT BRADSHAW HAD A
PHYSICALL altercation With the
PLAINTIFF (see EXHIBIT A-3) IN Which
shows not ONLY WAS DEFENDANT Bradshaw
FALSIFYING Government Documents But
also Utilizing excessive force violating
DEPARTMENT Directives Like He HAS
MANYtimes Before and HAS MADE A
HABIT of it More than 2 times which
His DEPARTMENT DISCIPLINARY report
will support this, (see EXHIBIT B1, EXHIBIT
C, AND EXHIBIT D). ALL Stated Here
clearly establishes that DEFENDANT
Bradshaw VIOLATED LAW AS well
AS DEPARTMENT of CORRECTIONS Directive:
①Directive 5006-R section IV. B.1, ②Directive
5006-R, Section IV, B.2, ③ Directive 500-R

SECTION V.F:3, (4) OR RULES AND REGULATIONS
4.30,020, (See EXHIBIT F) AND Therefore
THE DEFENDANTS stating IN POINT III
THAT DEFENDANT BRADSHAW is entitled
to qualified immunity to the PLAINTIFFS
Deliberate inDifference Claim IS ABSURD.
even though in Livigni v. Ortega, NO. 15-CV-9434
(Cm), 2016 (SDNY Oct 19, 2016) JUDGE COLLEEN
of the southern District of NEW YORK
Determined that "Leaving inmates in a
transport Bus overnight MAY BE, THIS court
is compelled to conclude that it Does not,
standing alone, constitute a violation," 
BUT, I know for certain that Leaving AN inmate
ON A BUS overnight after BEing ASSAULTED
and BEATEN with HANDCUFFS and not
BEing Provided Medical Assistance would
Definitely rise to a CONSTITUTIONAL
VIOLATION and I believe any JURY
WOULD Believe SO.

POINT IV THE DEFENDANTS states the
Court should DISMISS SUPERVISORY LIABILITY
AGAINST DEFENDANT LOUIS. THE PLAINTIFF
DISAGREES, DEFENDANT LOUIS was Assigned
AS TOUR Commander During the time the
PLAINTIFF was ASSAULTED and LEFT ON the
BUS BY DEFENDANT BRADSHAW, AS TOUR

COMMANDER OF A FACILITY it is His Legal OBLIGATION to ensure ALL INMATES ARE provided adequate Medical As well as to ensure the officers in his command are following rules and regulations. DEFENDANTS LOUIS HAS MANY times BEFORE NOT ADequately provided INMATES in His Custody with Medical care with His DEPARTMENT DISCIPLINARY record as evidence of this claim, (See exHIBIT G) AND DEPARTMENT Of CORRECTIONS RULES AND REGULATIONS 3.05.120: states " MEMBERS of the DEPARTMENT are responsible for the efficient Performance of their DUTIES and for the Proper SUPERVISION of any Staff and INMATES UNDER their DIRECTION", (See exHIBIT F). ALSO, DEFENDANTS LOUIS FAILED to adhere to DEPARTMENT Directive 4516R-B which states " INMATES MUST Be afforded Medical attention BY Medical staff as soon as Practicable, But NOT MORE than 4 Hours Following a USE OF FORCE INCIDENT." WHEN DEFENDANT LOUIS gave an Direct order to DEFENDANT BradsHAW to Leave the PLAINTIFF ON the bus after the use of Force and HAS engaged in these BEHAVIORS MANY times With DEFENDANTS LOUIS DEPARTMENT

DISCIPLINARY record as evidence of this claim, (see EXHIBIT G). FOR THE reasons stated the PLAINTIFF requests that the SUPERVISORY LIABILITY claim AGAINST DEFENDANT LOUIS SHOULD NOT BE DISMISSED.

IN POINT V THE DEFENDANTS claim THE PLAINTIFFS claim for MUNICIPAL LIABILITY FAILS. THIS claim BY the DEFENDANTS is FALSE AND MISLEADING. IN THE ANSWER TO THE COMPLAINT DOCUMENT #22 IN the Docket of this case filed 4/19/21 ON PAGE(4) THE City ADMITS THAT "DEFENDANT LOUIS AND DEFENDANT BRADSHAW were EMPLOYED BY the City of NEW YORK" AND ALSO ADMITTED the City in the SAME Document THAT "THE City of NEW YORK IS AWARE OF AND COMPLIES WITH Its Legal obligations to INMATES in Its custody", (see EXHIBIT G-2). THE DEFENDANT City FAILED to properly TRAIN Its EMPLOYEES which resulted in the INJURIES sustained to the PLAINTIFF, even AFTER the MULTIPLE VIOLATIONS OF RULES AND REGULATIONS which INCLUDED USES OF FORCE, the City did not IMPLEMENT any NEW Training for THE DEFENDANTS BRADSHAW and LOUIS, (see EXHIBIT E).

THE CITY HAS A POLICY OF ALLOWING ITS EMPLOYEES to COMMITT SERIOUS OFFENSES AGAINST INMATES AND GIVING THEM a "SLAP ON THE WRIST" BY PUNISHING THEM BY TAKING VACATION DAYS EVEN WHEN THEY POSSESSED EVIDENCE OF THE DEFENDANTS PUNCHING INMATES, USING PEPPER SPRAY ILLEGALLY, and NOT PROVIDED ADEQUATE MEDICAL to INMATES, (SEE EXHIBIT C, D, E, F and G) ALSO ALLOWING ITS EMPLOYEES to FALSIFY GOVERNMENT DOCUMENTS AND ENGAGE IN CONDUCT UNBECOMING of an employee or OFFICER AND MAKING false official statements EVEN THOUGH IN THE CITY's RULES and REGULATIONS 3:20.030 IT STATES THAT "MEMBERS FOUND GUILTY of those OFFENSES MAY BE DISMISSED from the DEPARTMENT." (SEE EXHIBIT F). THE CUSTOMS and PRACTICES ABOVE NOT ONLY PROVE MUNICIPAL LIABILITY IN THIS MATTER BUT the DEFENDANT City's FAILURE to TRAIN AMOUNT to DELIBERATE INDIFFERENCE WHEN KNOWING THEIR EMPLOYEES DEFENDANT BRADSHAW and LOUIS ARE ENGAGING IN THESE VICIOUS BEHAVIORS and the CITY IS ALLOWING IT to OCCUR BY KEEPING the DEFENDANTS EMPLOYED IN THE CITY

of New Yorks Department of Correction AND THEY CONTINUE to engage in these UNLAWFUL acts knowing that the ONLY PUNISHMENT WOULD BE A COUPLE VACATION DAYS TAKEN AWAY from THEM. IN ALL ACTUALITY if A CITIZEN WAS to engage in the Behaviors MENTIONED in (EXHIBIT C, D, e) THEY WOULD Be Deemed criminal and possibly come with Jail time, BUT SINCE the DEFENDANT City HAS engaged IN its custom of giving its employees Like DEFENDANTS Bradshaw and Louis "SLAPS on the wrists" MAKES them feel above the LAW AND BASICALLY Allowed them, the DEFENDANTS, to continue with such criminally vicious acts which resulted in the PLAINTIFF injuries AND the filling of this COMPLAINT in this Court. With the evidence and reasons stated herein the COURT should NOT DISMISS the federal MUNICIPAL LIABILITY CLAIMS MADE BY the PLAINTIFF.

For the foregoing reasons, THE PLAINTIFF respectfully requests the Court to DENY THE DEFENDANTS MOTION FOR summary

JUDGEMENT, AND GRANT whatever further relief to the PLAINTIFF AS well the Relief Requested in the COMPLAINT By the PLAINTIFF AND ANything else the court MAY DEEM Just and Proper.

Respectfully Submitted,

x P.                Peter Rodriguez #22B2287

x 10/23/22         PLAINtiff Pro Se

Five Points Correctional faculty

CAUER BOX 400, State Route 96

ROMULUS, NY 14541

# CITY OF NEW YORK - DEPARTMENT OF CORRECTION
## OFFICE OF CONSTITUENT AND GRIEVANCE SERVICES
## INMATE STATEMENT FORM

Form.: 7101R-A
Eff.:9/14/18
Ref.: Dir. 3376R-A

Inmate's Name:

Book & Case #:

NYSID #:

Facility:

Housing Area:

Date of Incident:

Date Submitted:

All grievances must be submitted within ten business days after the incident occurred, unless it's a sexual abuse or harassment allegation. The inmate filing the grievance must personally prepare this statement. Upon collection by the Office of Constituent and Grievance Services (OCGS) staff, OCGS staff will time-stamp and issue it a grievance reference number. OCGS staff shall provide the inmate with a copy of this form as a record of receipt.

Grievance:

_____

_____

_____

_____

_____

_____

_____

_____

Action Requested by Inmate: _____

_____

**Please read below and check the correct box:**

Do you agree to have your statement edited for clarification by OCGS staff?     Yes ☐   No ☐

Do you need the OCGS staff to write the grievance for you?     Yes ☐   No ☐

Have you filed this grievance with a court or other agency?     Yes ☐   No ☐

Did you require the assistance of an interpreter?     Yes ☐   No ☐

Inmate's Signature:

Date of Signature:

### FOR DOC OFFICE USE ONLY

OCGS MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

THIS FORM IS INVALID UNLESS SIGNED BY THE INMATE AND GRIEVANCE COORDINATOR

TIME STAMP

Grievance Reference #

Category:

Office of Constituent and Grievances Services Coordinator/Officer Signature:

exHiBiT
A-4

**CORRECTION DEPARTMENT**
**CITY OF NEW YORK**

**INJURY TO INMATE REPORT**

Page 1 of 2 Pages

Form: #167R-A
Rev.: 01/31/08
Ref.: Dir. #4516R-A

INSTRUCTIONS: Original Report to Security, One copy to Clinic Lock Box, One copy to Inmate Medical File.

Command: OBCC   Date: 1/18/19   COD/UOF #: FY19-1699   Injury #: FY19-16997

TO BE COMPLETED BY EMPLOYEE (PLEASE PRINT CLEARLY).

Inmate Name (Last Name, First Name): Rodriguez, Peter

| Location: Main Intake | Work: | NYSID #: 04939298P | Book & Case/Sent #: 34916/3090 |

Details: On Friday, January 18th, 2019, I CO Davis #4016 working Main Intake during the 0600x1300 hour of duty while receiving inmate Rodriguez, Peter B# 349116703090 NYSID #04939298P from GRVC, said inmate stated injury to his hands, claiming the mechanical restraints were too tight.

Supervisor Notified (Print Last Name, First Name, Rank, Shield #): Thompson Captain 1021   Date: 1/18/19   Time: 1220 Hrs.

Employee: ☐ (Did) ☑ (Did Not) Witness This Injury.   Employee Signature: W   Rank/Title:   Shield/ID#: 4096

**TO BE COMPLETED BY MEDICAL STAFF ONLY - (PLEASE PRINT CLEARLY)**

Date of Injury: 1/18/19   Reported for Medical Attention: Date 1/18/19 Hrs.   Inmate Refused Medical Attention: ☐ Yes ☑ No   Visible Injuries: ☑ Yes ☐ No

Nature of Injury and Cause:
Patient found to have tender swelling dorsum (R) H pain claiming being cuffed with handcuff
(R) (L) hand FHTP(?)y
n/o tenderness (R) Hand
(R) Referred to OLLI / XRay
(R) Hand XRay requested

Medical Staff Must Note Location of Injury:

Treatment:

Treated By/Examined By (Print and Sign Full Name): T.T. JANVIER, MD   Title:

Referrals to Other Medical Services (If Yes, Document Medical Findings): ☐ Yes ☐ No

Treated By/Examined By (Print and Sign Full Name): T.T. JANVIER, MD   Title:

Please Check Disposition: ☐ Return to Housing Area ☐ Work Release ___ Days ☐ Light Duty ___ Days ☐ Return to Work Assignment ☐ Re-Exam ___ Days ☐ Refer to Clinic ☐ Return to School

☐ Transfer to Hospital (indicate Name of Hospital): ___   ☐ Life Threatening Emergency ☐ Routine

☐ Other (Please Specify): ___

Treated By (Print Full Name and Title, Sign Name): ___   Date: ___   Time: ___ Hrs

I certify that the cause of injury as stated herein is to my knowledge true and medical attention was provided.

Inmate Signature: REFUSED TO SIGN   B&C / Sentence #: 34916 03090   Date: 1/18/19

Witnessed By (Signature):   Rank/Title: C.O.   Shield /I.D. #: 7919   Date: 1/18/19



15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph labeled "15" of Exhibit A to the Answer to the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph labeled "16" of Exhibit A to the Answer to the Complaint.

17. Denies the allegations set forth in the paragraph labeled "17" of Exhibit A to the Answer to the Complaint, except admits only that Plaintiff was transported between facilities during the 03:00 and 11:00 tour on or about January 18, 2019.

18. Denies the allegations set forth in the paragraph labeled "18" of Exhibit A to the Answer to the Complaint, except admits only that Jean Louis was employed by the New York City Department of Correction as an Assistant Deputy Warden and Dwayne Bradshaw was employed by the New York City Department of Correction as a Correction Officer on or about January 17, 2019, and further states that to the extent the allegations set forth in the paragraph labeled "18" of Exhibit A to the Answer to the Complaint constitute conclusions of law rather than averments of fact, states that no response is required.

19. Denies the allegations set forth in the paragraph labeled "19" of Exhibit A to the Answer to the Complaint, except to the extent they constitute conclusion of law rather than averments of fact, states no response is required.

20. Denies the allegations set forth in the paragraph labeled "20" of Exhibit A to the Answer to the Complaint, except to the extent they constitute conclusions of law rather than averments of fact, states no response is required.

21. Denies the allegations set forth in the paragraph labeled "21" of Exhibit A to the Answer to the Complaint, and states that the City of New York is aware of and complies with its legal obligations to inmates in its custody.



Peter Rodriguez
DIN # 22B2287
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541

United States District Court
Southern District of New York
Pro Se Intake RM 200
500 Pearl Street
New York, NY 10007