USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/20/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Peter Rodriguez,

                 Plaintiff,

-against-

City of New York et al.,

                 Defendants.

1:20-cv-11045 (GBD) (SDA)

**REPORT AND RECOMMENDATION**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

**TO THE HONORABLE GEORGE B. DANIELS, UNITED STATES DISTRICT JUDGE:**

**INTRODUCTION**

*Pro se* Plaintiff Peter Rodriguez ("Plaintiff" or "Rodriguez") brings this *pro se* action under 42 U.S.C. § 1983, alleging that defendants the City of New York (the "City"), Correction Officer Bradshaw ("CO Bradshaw") and Assistant Deputy Warden Louis ("ADW Louis") (collectively, "Defendants") violated his constitutional rights while he was a pretrial detainee at the George R. Vierno Center ("GRVC") on Rikers Island. (*See* Compl., ECF No. 1.) Currently before the Court is Defendants' motion for partial summary judgment. (Defs.' Not of Mot., ECF No. 94.)[1]

For the reasons set forth below, I respectfully recommend that Defendants' motion be GRANTED.

---

[1] Although Defendants' motion is denominated as a motion for summary judgment, suggesting that the motion is seeking dismissal of all claims in the Complaint, it actually is a motion for partial summary judgment because it is seeking dismissal of all of Plaintiff's claims, except for his claim of excessive force against CO Bradshaw. (*See* Defs.' Not. of Mot. at 1.)

**FACTUAL BACKGROUND**

On January 17, 2019, Rodriguez was an inmate in the custody of the New York City Department of Corrections ("DOC") and was housed in the GRVC for a pending criminal matter. (Defs.' Rule 56.1 Statement of Undisputed Facts ("Defs.' SOF"), ECF No. 97, ¶¶ 1-2.)[2] That day, he was to be transported from GRVC to the Otis Bantum Correctional Center ("OBCC") on Rikers Island. (*Id*. ¶ 3.) Rodriguez was loaded onto a bus for transport, and that bus was driven by CO Bradshaw. (*Id*. ¶¶ 4, 5.) When Rodriguez arrived at OBCC, he was not admitted into the facility. (*See id*. ¶ 6.)

Rodriguez alleges that CO Bradshaw became irate while bringing Rodriguez back to the transport bus, stating "where are the keys." (*See* Compl. at p. 4.) Rodriguez further alleges that he responded, "I don't know where the keys are," and then CO Bradshaw sexually assaulted him by placing CO Bradshaw's hands in Rodriguez's pants, grabbing his penis, and cutting his groin with CO Bradshaw's fingernails. (*See id*.) Rodriguez asserts that CO Bradshaw shut the cage door and drove back to GRVC. (*See id*.) ADW Louis was not present for any alleged use of force or assault that Plaintiff claims CO Bradshaw committed. (*See* Defs' SOF ¶ 7.) Rodriguez alleges that, while outside the GRVC facility, CO Bradshaw left him on the bus as he was secured with handcuffs, hand mittens, a waist-chain and leg irons for approximately twelve (12) hours in violation of a restraint directive. (*See* Compl. at p. 4.)

---

[2] Because Plaintiff did not respond to Defendants' Statement of Undisputed Facts, the facts contained therein—which, in any event, are premised on Plaintiff's own deposition testimony—are deemed admitted. *See* Local Civ. R. 56.1(c).

**PROCEDURAL HISTORY**

Plaintiff's Complaint in this action was filed on December 29, 2020. (*See* Compl.) Liberally construed, Plaintiff alleges claims of deliberate indifference to his health and safety in violation of the Fourteenth Amendment against CO Bradshaw for having been left on the bus for 12 hours, excessive force by way of sexual assault against defendant CO Bradshaw, supervisory liability against ADW Louis, and municipal liability against the City for failure to train and adequately supervise officers.[3] (*See* Compl. at pp. 2-5.)

Following discovery, Defendants filed the motion for summary judgment that is now before the Court on September 29, 2022, along with their supporting papers, including the requisite Notice to Pro Se Litigants Pursuant to Local Civil Rule 56.2. (Notice, ECF No. 95.) Defendants argue that they should be granted summary judgment on Plaintiff's deliberate indifference claim on the ground that it is barred by the Prison Litigation Reform Act ("PLRA") because Plaintiff did not exhaust his available administrative remedies prior to the filing of this action. (*See* Defs.' Mem. at 4-7.) Defendants further argue that Plaintiff's deliberate indifference claim should be dismissed because confinement on a prison transport bus overnight does not rise to a Fourteenth Amendment Violation. (See id. at 8-9.) In addition, Defendants argue that CO Bradshaw is entitled to qualified immunity for Plaintiff's deliberate indifference claim. (*See* id. at 9-10.) Defendants also argue that Plaintiff has failed to establish a supervisory liability claim against ADW Louis because ADW Louis had no personal involvement in the incident. (*See id*. at

---

[3] These claims were set forth in Defendants' moving memorandum (*see* Defs.' Mem., ECF No. 98, at 1) and in his opposition, Plaintiff does not contend that he pled any other claims. (*See* Pl.'s Opp., ECF No. 103.)

11-12.) Finally, Defendants argue that the municipal liability claim against the City should be dismissed. (*See id*. at 12-15.)

On November 17, 2022, Plaintiff filed his opposition in which he contests each of the arguments made by Defendants. (*See* Pl.'s Opp.) On December 14, 2022, Defendants filed their reply. (*See* Defs.' Reply Mem., ECF No. 104.)

## SUMMARY JUDGMENT LEGAL STANDARDS

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-23 (1986). A dispute concerning material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Aldrich v. Randolph Cent. Sch. Dist*., 963 F.2d 520, 523 (2d Cir. 1992) (quoting *Anderson*, 477 U.S. at 248). A disputed fact is "material" only if it "might affect the outcome of the suit under the governing law*. Anderson*, 477 U.S. at 248. In making its determination, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Id*. at 255.

"Although the same standards apply when a *pro se* litigant is involved, the *pro se* litigant should be given special latitude in responding to a summary judgment motion." *Caines v. Oudkerk*, No. 17-CV-03060 (PGG), 2018 WL 3059653, at *2 (S.D.N.Y. June 20, 2018) (internal citation and quotation marks omitted); *see also Tarrant v. City of Mount Vernon et al.*, No. 20-CV-09004 (PMH), 2022 WL 17070062, at *3 (S.D.N.Y. Nov. 17, 2022) (noting "special solicitude"

4

afforded *pro se* litigants and that it is through that "lens of leniency" that courts must consider motions for summary judgment against *pro se* plaintiffs).

## DISCUSSION

### I. Deliberate Indifference Claim

The Court finds that Defendants are entitled to summary judgment dismissing Plaintiff's deliberate indifference claim against CO Bradshaw because Plaintiff has failed to exhaust his administrative remedies as provided by the PLRA with respect to that claim.

The PLRA states "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This action falls within the purview of this provision as the Supreme Court has established "[t]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes[.]" *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also* 18 U.S.C. § 3626(g)(2) (defining the term "civil action with respect to prison conditions" to mean "any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison[.]").

"As the Supreme Court and Second Circuit have instructed, 'proper exhaustion . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Ortiz v. Annucci*, No. 17-CV-03620 (RJS), 2019 WL 1438006, at *8 (S.D.N.Y. Mar. 29, 2019) (quoting *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009)); *see also Ford v. Aramark*, No. 18-CV-02696 (NSR), 2020 WL 377882, at *4 (S.D.N.Y. Jan. 23, 2020) ("[T]o satisfy

5

the exhaustion requirement, an inmate must use all available administrative mechanisms, including appeals, through the highest level for each claim.") (internal quotation marks omitted).

The procedure for exhaustion is not defined by the PLRA, but rather by the rules of the facility in which the inmate-plaintiff is incarcerated. *See Espinal v. Goord*, 558 F.3d 119, 124 (2d Cir. 2009). "Because failure to exhaust is an affirmative defense . . . defendants bear the initial burden of establishing, by pointing to legally sufficient source[s] such as statutes, regulations, or grievance procedures, that a grievance process exists and applies to the underlying dispute[.]" *Hubbs v. Suffolk Cnty Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015) (internal quotation marks omitted). If the defendants satisfy this initial burden, it is then up to the plaintiff to "demonstrate that other factors . . . rendered a nominally available procedure unavailable as a matter of fact." *Id*. "Exhaustion, even where the facts are disputed, is a matter of law for the Court to decide." *Brooks v. Mullen*, No. 14-CV-06690 (FPG), 2020 WL 6158614, at *5 (W.D.N.Y. Oct. 21, 2020); *see also Ortiz*, 2019 WL 1438006, at *9 ("factual disputes related to administrative exhaustion are properly resolved by the Court rather than a jury") (citing *Messa v. Goord*, 652 F.3d 305, 309 (2d Cir. 2011)).

At Rikers Island, which includes GRVC, "grievance procedures are governed by the Inmate Grievance and Request Program ('IGRP')." *Hickman v. City of New York*, No. 20-CV-04699 (RA) (OTW), 2021 WL 3604786, at *3 (S.D.N.Y. Aug. 12, 2021). Courts in this Circuit routinely take judicial notice of the IGRP. *See Hickman*, 2021 WL 3604786, at *3. "The IGRP applies to '[a]ny inmate who is directly and personally affected by an issue, condition, practice, service, or lack of an accommodation with regard to any issue that may arise in connection with their incarceration

6

or action relating to their confinement.'" *Massey v. City of New York*, No. 20-CV-05665 (GBD) (DF), 2021 WL 4943564, at *7 (S.D.N.Y. Aug. 30, 2021) (alteration in original).

"The IGRP involves four steps: 1) submission of a complaint for informal resolution; 2) in the event an informal resolution is not reached within five days, request of a formal hearing; 3) appeal to the commanding officer; and 4) appeal to the Central Office Review Committee." *Hickman*, 2021 WL 3604786, at *3; *see also* N.Y.C. Dep't of Corr., Directive 3376R-A at § V available at https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf (last visited Jan. 20, 2023). "The inmate must take each of the four steps to exhaust the administrative grievance process." *Sanders v. City of New York*, No. 16-CV-07426 (PGG), 2018 WL 3117508, at *4 (S.D.N.Y. June 25, 2018).

Plaintiff provides no evidence documenting reflecting that he filed any grievance, or that anyone filed a grievance on his behalf, regarding his deliberate indifference claim. Plaintiff's opposition reflects that he submitted a grievance regarding the alleged sexual assault by CO Bradshaw (*see*, *e.g.*, Pl.'s Opp. at PDF pp. 14-17), but not with respect to his deliberate indifference claim regarding his allegedly having been left by CO Bradshaw on the bus for 12 hours. In his opposition, Plaintiff mentions that his fiancée called 311. (*See* Pl.'s Opp. at PDF p. 3.) However, even if Plaintiff's fiancée made complaints to 311 about Plaintiff's deliberate indifference claim, that is not sufficient to satisfy the exhaustion requirements. *See Massey*, at *7 (a 311 call alone is not sufficient to satisfy the exhaustion requirements of the PLRA). Plaintiff has not presented any evidence that he exhausted his administrative remedies with respect to his deliberate indifference claim, or that such remedies were unavailable. Accordingly, I recommend that Defendants' motion for summary judgment be granted dismissing his deliberate

indifference claim against CO Bradshaw. *See Handy v. City of New York*, No. 19-CV-03885 (MKV) (OTW), 2021 WL 4482548, at *6 (S.D.N.Y. Aug. 27, 2021), *report and recommendation adopted*, 2021 WL 4481600 (S.D.N.Y. Sept. 30, 2021) (granting summary judgment for failure to exhaust when there were "neither allegations in the pleadings nor evidence in the record that Plaintiff exhausted his administrative remedies or that such remedies were not available to Plaintiff."); *see also Cosme v. Faucher*, No. 21-CV-01341 (SVN), 2022 WL 16540861, at *4 (D. Conn. Oct. 28, 2022) (granting summary judgment for failure to exhaust when plaintiff "presented no evidence in opposition to Defendants' motion showing that he exhausted his administrative remedies.").[4]

## II.  Supervisory Liability Claim Against ADW Louis

"[A] defendant in a § 1983 action may not be held liable for damages for constitutional violations merely because [he or she] held a high position of authority." *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). "Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676); *see also Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) ("As a fundamental prerequisite to establishing a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation.") "Assertions of personal involvement that are merely speculative are insufficient to

---

[4] Because the Court finds that Plaintiff failed to exhaust his administrative remedies, the Court need not, and does not, address the other grounds upon which Defendants seek to dismiss Plaintiff's deliberate indifference claim, *i.e.*, whether Plaintiff's claim rises to the level of a Fourteenth Amendment violation and whether CO Bradshaw is entitled to qualified immunity.

8

establish a triable issue of fact." *Tarrant*, 2022 WL 17070062, at *4 (citing *Keesh v. Quick*, No. 19-CV-08942 (PMH), 2022 WL 2160127, at *9 (S.D.N.Y. June 15, 2022)).

In the present case, Plaintiff has proffered no evidence regarding ADW Louis's personal involvement. Indeed, ADW Louis was not present for any alleged use of force or assault that Plaintiff alleges CO Bradshaw committed. (*See* Defs' SOF ¶ 7.) Accordingly, I recommend that the claim against ADW Louis be dismissed.

### III.     Municipal Liability Claim Against The City

A municipality may not be held liable under Section 1983 "unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). To prevail on a *Monell* claim against a municipality under Section 1983 based on the acts of a public official, a plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). A plaintiff may satisfy the requirement to plead the "policy or custom" requirement by alleging: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with

9

the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (internal citations omitted).

In the present case, Plaintiff has named a municipality, the City, as a defendant, but has failed to state a claim for municipal liability pursuant to *Monell*. Regardless of whether Plaintiff's constitutional claim against CO Bradshaw for excessive force ultimately succeeds, his *Monell* claim is insufficient as he has made no plausible allegations regarding the existence of a policy or custom. Although Plaintiff in his opposition argues that the City failed to properly train its employees (*see* Pl.'s Opp. at 8), Plaintiff offers no further allegations or information regarding any training or supervision. Conclusory allegations like these are not sufficient to support a failure to train claim, even in a *pro se* action. *See Scalpi v. Town of E. Fishkill*, No. 14-CV-02126 (KMK), 2016 WL 858944, at *7 (S.D.N.Y. Feb. 29, 2016) ("Yet, without providing any supporting factual detail about alleged deficiencies in the training program . . . such boilerplate language of the Amended Complaint lacks sufficient factual matter to state a claim to relief that is plausible." (cleaned up)).

Because Plaintiff has failed to plausibly allege that the City acted pursuant to official municipal policy, I recommend that the Court dismiss the City from this action.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Defendants' motion for summary judgment be GRANTED. Specifically, I recommend that ADW Louis and the City be dismissed from this case and that Plaintiff's claim for deliberate indifference against CO Bradshaw

be dismissed. If my recommendation is adopted, this action would proceed to trial on Plaintiff's remaining claim of excessive force against CO Bradshaw.

Dated:     New York, New York
           January 20, 2023

_____
STEWART D. AARON
United States Magistrate Judge

*          *          *

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Any requests for an extension of time for filing objections must be addressed to Judge Daniels.

**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); *Thomas v. Arn*, 474 U.S. 140 (1985).