

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**GREGORY ACCARINO**
*Senior Counsel*
phone: (212) 356-1945
gaccari@law.nyc.gov

March 20, 2023

**BY ECF**
Honorable Stewart D. Aaron
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

ENDORSEMENT: The motion to seal is GRANTED. The document filed at ECF No. 106 shall remain under seal. SO ORDERED.
Dated: March 20, 2023

*/s/ Stewart D. Aaron*

Re:   Peter Rodriguez v. City of New York, et al.
      20 Civ. 11045 (GBD) (SDA)

Your Honor:

    I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel for the City of New York, and attorney for the defendants in the above-referenced matter. The defendants write to in response to the Court's March 16, 2023 Order to show cause as to why the seal should not be lifted in regards to "certain documents filed by Plaintiff in connection with his opposition to Defendants' motion for summary judgment." See ECF No. 107, Order, March 16, 2023.

    As an initial matter, as the defendants noted in their reply motion, plaintiff's opposition papers, which were filed on the public docket, specifically pages 13-17 and 19-44, were marked "CONFIDENTIAL," and subject to a so-ordered stipulation of confidentiality and protective order, which was signed by all parties, including the plaintiff, and endorsed by the Court. See ECF No. 106, Plaintiff's Opposition, March 16, 2023 ("Pl. Opp."); ECF No. 33, Stipulation of Confidentiality and Protective Order, July 10, 2021. Paragraph 8 of the Stipulation of Confidentiality, which was agreed upon by plaintiff, clearly states "Any party seeking to file papers with the Court that incorporate Confidential Materials or reveal the contents thereof shall first make an application to the Court for permission to file under seal the specific portions of those papers disclosing Confidential Materials and shall indicate whether any other party objects to that request…" See ECF No. 33, Stipulation of Confidentiality and Protective Order, July 10, 2021. Plaintiff violated the basic agreed upon terms of the Stipulation of Confidentiality by not informing

the defendants he intended to file confidential materials or make any application to the Court, and therefore the documents should remain sealed.

Furthermore, it is well-settled that "the mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995). Rather, in order for something to be designated a judicial document, it "must be relevant to the performance of the judicial function and useful in the judicial process." Id. "A document is . . . 'relevant to the performance of the judicial function' if it would reasonably have the tendency to influence a district court's ruling on a motion." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted).

"Accordingly, if . . . a court determines that documents filed by a party are not relevant to the performance of a judicial function, no presumption of public access attached." Id.; see also, e.g., United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach."); Id. ("Where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low.").

Here, plaintiff's opposition motion, specifically pages 22-44, do not qualify as "judicial documents" entitled to a presumption of public access because, notwithstanding that this evidence is inadmissible pursuant to Fed. R. Evid. 404(b), they have absolutely no relevance whatsoever to the determination of defendants' partial motion for summary judgment, particularly as defendants did not move for summary judgment as to plaintiff's excessive force claim.

Even to the extent that the Court does find that the documents and information at issue do qualify as "judicial documents," perhaps merely because they were filed in connection with summary judgment practice, the presumption of access is extremely low in light of their lack of relevance to the partial motion for summary judgment.

Moreover, that extremely low presumption is significantly outweighed by the sensitivity of the documents and information at issue. As explained above, the documents at issue have been deemed confidential both pursuant to the explicit terms of the Court-endorsed Confidentiality Stipulation and Protective Order. Furthermore, pages 28-29 include reference to a non-party Probationary Correction Officer Johnathan Newtown in regards to a disciplinary action against defendant Bradshaw. See, Thompson v. Spota, No. CV 14-2473 (JMA) (AKT), 2018 U.S. Dist. LEXIS 143735, at *8-9 (E.D.N.Y. Aug. 23, 2018) ("Particularly with respect to privacy interests, the Second Circuit has 'held that the privacy interests of innocent third parties should weigh heavily in a court's balancing equation. Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access.'") (citation omitted).

Indeed, even where courts have found that documents filed in connection with motions for summary judgment were "judicial documents," they have further found that extraneous, irrelevant documents such as pages 22-44 of plaintiff's opposition motion should be filed under seal. See, e.g., Fernandez v. City of New York, 457 F. Supp. 3d 364, 400-01 (S.D.N.Y. 2020) (granting motion to seal disciplinary records of defendant officers and references to those documents in

2

plaintiffs' Rule 56.1 statement in part because "Defendants' disciplinary records were not significant in resolving Defendants' motion" for summary judgment); Collado v. City of New York, 193 F. Supp. 3d 286, 291-92 (S.D.N.Y. 2016) (granting motion to seal documents, and the non-public information contained therein, related to a defendant officer's prior use of force because the documents and information were irrelevant to the court's adjudication of motion for summary judgment); see also, e.g., G&C Auto Body, Inc. v. Geico Gen. Ins. Co., No. C06-04898 MJJ, 2008 U.S. Dist. LEXIS 124119, at *9 (N.D. Cal. Mar. 11, 2008) (finding that "extraneous material attached to a dispositive motion . . . should not be considered a judicial document").

Accordingly, unredacted versions of plaintiff's opposition motion to defendants' motion for summary judgement, specifically pages 13-17 and 19-44, should remain under seal.

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

/s/ Gregory J.O. Accarino
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division

Cc:   **By U.S. Mail:**
Peter Rodriguez
Plaintiff *Pro Se*
#22B2287
Five Points Correctional Facility
Caller Box 400
State Rt. 96
Romulus, NY 14541

## DECLARATION OF SERVICE BY MAIL

I, Gregory J.O. Accarino, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on March 20, 2023, I served the annexed:

- LETTER MOTION

upon the following Plaintiff *Pro Se* by serving copies of the same to be deposited, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to Plaintiff at the address set forth below, being the address designated by Plaintiff for that purpose:

Peter Rodriguez
Plaintiff *Pro Se*
#22B2287
Five Points Correctional Facility
Caller Box 400
State Rt. 96
Romulus, NY 14541


Dated:  New York, New York
        March 20, 2023

*/s/ Gregory J.O. Accarino*
Gregory J.O. Accarino
*Senior Counsel*
Special Federal Litigation Division