UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETER RODRIGUEZ,

                    Plaintiff,

         -against-

CITY OF NEW YORK, C.O. BRADSHAW,
ASST. DTY. WARDEN LOUIS,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 11045 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Peter Rodriguez brings this action against the City of New York, Corrections Officer Dwayne Bradshaw, and Assistant Deputy Warden Louis (collectively, "Defendants") pursuant to 42 U.S.C. § 1983, seeking relief from an alleged violation of his constitutional rights while a pretrial detainee at Rikers Island Jail. (Compl., ECF No. 2.) Following the close of discovery, Defendants filed a motion for partial summary judgment seeking dismissal of all of Plaintiff's claims except for his claim for excessive force against Defendant Bradshaw.

    Before this Court is Magistrate Judge Stewart D. Aaron's January 20, 2023 Report and Recommendation (the "Report"), recommending that Defendants' motion be granted. (*See generally*, Report, ECF No. 105.) Magistrate Judge Aaron advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 11.) Neither party filed objections to the Report and the time to do so has now passed.

    Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full. Accordingly, Defendants' motion is GRANTED.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it. On January 17, 2019, Plaintiff was a pre-trial detainee at the George R. Vierno Center on Rikers Island. (Report at 2.) That day, Plaintiff was loaded onto a bus for transport to the Otis Bantum Correctional Center ("OBCC"), another facility on the island. (*Id.*) On the way back to the Vierno Center from OBCC, Plaintiff alleges that Defendant Bradshaw, the driver of the bus in question, sexually assaulted Plaintiff by placing his hands into Plaintiff's pants, grabbing Plaintiff's penis, and cutting Plaintiff's groin with his fingernails. (*Id.*) Plaintiff also alleges that, after arriving back at the Vierno Center, Bradshaw left him on the bus for twelve hours in violation of a restraint directive. (*Id.*) According to the facts adduced during discovery, Defendant Louis was not present for these events. (*Id.*)

On December 29, 2020, Plaintiff commenced the instant action. (Report at 3.) Plaintiff's Complaint alleges claims of deliberate indifference to his health and safety in violation of the Fourteenth Amendment, excessive force by way of sexual assault, supervisory liability, and municipal liability. (*Id.*) On September 29, 2022, Defendants moved for partial summary judgment, arguing, in relevant part, that: (1) Plaintiff failed to exhaust his administrative remedies as to his deliberate indifference claim; (2) Plaintiff's supervisory liability claim against Defendant Louis should be dismissed because Louis had no personal involvement in the alleged acts; and (3) Plaintiff's claim for municipal liability fails because Plaintiff failed to provide evidence of an unlawful pattern or practice. (*Id.* at 3–4.)

## II.    LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). While a court must

review *de novo* the portions of a magistrate judge's report to which a party properly objects, *id.*, portions of the report to which no or "merely perfunctory" objections are made are reviewed only for clear error, *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (quotation omitted).

## III.   THE REPORT IS ADOPTED

### A.   Exhaustion

Under the Prison Litigation Reform Act, 110 Stat. 1321–73, as amended, 42 U.S.C. § 1997(e)(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Accordingly, the prisoner "must pursue his challenge to the conditions in question through the highest level of administrative review prior to filing his suit." *Flanagan v. Maly,* No. 99 Civ. 12336, 2002 WL 122921, at *2 (S.D.N.Y. Jan. 29, 2002). The procedure for exhaustion at Rikers Island is governed by the Inmate Grievance Resolution Committee ("IGRC"). *Gordon v. Drummond*, No. 19 Civ. 8405, 2021 WL 5314604, at *4 (S.D.N.Y. Nov. 16, 2021) (collecting cases). The IGRC lays out a five-step grievance process, the first of which requires the submission of an "informal complaint" for resolution. *Id.* at *5. Here, there is nothing in the record to show that Plaintiff submitted a grievance with respect to his deliberate indifference claim. Magistrate Judge Aaron therefore correctly found that Plaintiff failed to exhaust his administrative remedies with respect to that claim, and that claim is dismissed.

**B.    Supervisory Liability**

Magistrate Judge Aaron also correctly found that Plaintiff failed to show evidence that Defendant Louis had any involvement, direct or indirect, in the alleged constitutional violations. Plaintiff acknowledges that Louis was not present for the events in question. (Report at 9.) Nor is there any suggestion that Louis "personally knew of and disregarded an excessive risk to [Plaintiff's] health or safety." *Tangreti v. Bachmann*, 983 F.3d 609, 619 (2d Cir. 2020). Accordingly, Plaintiff has not shown that Louis, through his own actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("the plaintiff in a suit such as the present one must plead that each Government-official defendant, *through his own individual actions*, has violated the Constitution) (emphasis added). Defendant Louis is entitled to summary judgment dismissing the supervisory liability claim.

**C.    Municipal Liability Claim**

Finally, Magistrate Judge Aaron properly concluded that Plaintiff failed to plausibly allege that the City acted pursuant to official municipal policy. To prevail on a *Monell* claim, "a plaintiff must identify either an 'express rule or regulation,' a practice that 'was so persistent or widespread as to carry the force of law,' or misconduct of 'subordinate employees' that 'was so manifest as to imply the constructive acquiescence of senior policy-making officials.'" *Swinton v. Livingston Cnty.*, 2023 WL 2317838, at *1 (2d Cir. Mar. 2, 2023) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).  Other than in conclusory terms, Plaintiff offers no allegations regarding the existence of a New York City municipal policy or custom that caused the constitutional injury alleged.  Absent such an allegation, Plaintiff's claim for municipal liability must be dismissed.

4

## IV.   CONCLUSION

Magistrate Judge Aaron's Report is ADOPTED in full.  Defendant's motion for partial summary judgment, (ECF No. 94), is GRANTED.

The Clerk of Court is directed to close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff.


Dated: April 19, 2023
         New York, New York

                                        SO ORDERED.

                                        _George B. Daniels_
                                        GEORGE B. DANIELS
                                        United States District Judge

5