UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER RODRIGUEZ,

                Plaintiff,

     -against-

CORRECTION OFFICER DWAYNE BRADSHAW,

                Defendant.

ORDER

20 Civ. 11045 (GBD) (SDA)

---

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Peter Rodriguez brings this action against Correction Officer Dwayne Bradshaw, pursuant to 42 U.S.C. § 1983, alleging that Bradshaw violated his constitutional rights while Plaintiff was a pretrial detainee at Rikers Island Jail. (Compl., ECF No. 2.) Plaintiff has requested the appointment of counsel for trial. For the following reasons, Plaintiff's request is granted.

## I.    LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for *pro bono* representation. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for *pro bono* counsel sparingly, and with reference to public benefit, in order to

preserve the "precious commodity" of volunteer lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously[.]" *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## II. PLAINTIFF'S REQUEST FOR COUNSEL IS GRANTED

On December 29, 2020, Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which this Court granted. (*See* ECF Nos. 2, 4.) Plaintiff remains incarcerated and has affirmed that his financial status had not changed. Plaintiff therefore qualifies as indigent.

In his Complaint, Plaintiff alleges that Defendant used excessive force in violation of 42 U.S.C. § 1983 when Defendant sexually assaulted Plaintiff on January 17, 2019. (Compl. at 4.) Given the seriousness of the allegations, Plaintiff's claim "seems likely to be of substance." *Hodge*, 802 F.2d 61–62. This Court similarly finds that the other *Hodge* factors weigh in favor of

granting Plaintiff's request. Here, "the complexity of the legal issues" presented and Plaintiff's "ability to present the case" weigh in favor of granting his request for counsel. *Id.* at 60–61. In this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's request for the appointment of counsel is GRANTED. This Court advises Plaintiff that there are no funds to retain counsel in civil cases and this Court relies on volunteers. Due to a scarcity of volunteer attorneys, a period of time may pass before counsel volunteers to represent Plaintiff. If an attorney decides to take the case, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will take the case, and Plaintiff should be prepared to proceed with the case *pro se*. If an attorney offers to take the case, it is Plaintiff's decision whether to retain that attorney or not.

Dated: June 7, 2023
      New York, New York

                                                  SO ORDERED.

                                                  GEORGE B. DANIELS
                                                  United States District Judge